UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COURTNEY DEVON ROBINSON MEDLEY,

Appellant,

v.

CITIBANK, N.A.,

Appellee.

Civil Action No. 20-15253 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Citibank, N.A.'s ("Appellee," or "Citibank") Motion to Dismiss Courtney Devon Robinson Medley's ("Debtor-Appellant") appeal from a Bankruptcy Court's Order denying Debtor-Appellant's motion for the entry of an order for compensation, which demands attorney's fees. (Mot. to Dismiss, ECF No. 2.) Debtor-Appellant opposed (Appellant's Opp'n, ECF No. 5), and Appellee replied (Appellee's Reply, ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Appellee's Motion to Dismiss Debtor-Appellant's appeal and affirms the Bankruptcy Court's Order.

The parties do not dispute the factual and procedural history of this case. (*See generally* Mot. to Dismiss; Appellant's Opp'n.) There were multiple defendants in the Bankruptcy Court proceeding, and the Bankruptcy Court proceeding was entirely resolved on October 26, 2020. (*See* Mot. to Dismiss *3; Appellant's Opp'n *2.)[1] The final judgment with respect to Citibank, however, was entered on May 7, 2020, and Debtor-Appellant prevailed. (*See* Notice of J. of Order, ECF No.

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

2-4; Mot. to Dismiss *4.) The Bankruptcy Court denied Debtor-Appellant's motion for attorney's fees on February 25, 2020, and denied her motion for reconsideration on April 21, 2020. (Mot. to Dismiss *4.) Thereafter, on October 29, 2020, Debtor-Appellant filed her notice of appeal to this Court on the issue of attorney's fees. (Notice of Appeal, ECF No. 1.)

The parties dispute what constitutes a "final judgment" for the purpose of appeal from a bankruptcy court. On the one hand, Citibank contends that according to 28 U.S.C. §§ 158(a)(1) and (c)(2), and Federal Rule of Bankruptcy Procedure 8002(a)(1), Debtor-Appellant should have filed her notice of appeal, at the latest, within fourteen days of being served on May 11, 2020 with the May 7, 2020 final judgment with respect to Citibank. (Mot. to Dismiss *5–6.) Thus, Citibank argues that Debtor-Appellant's October 29, 2020 notice of appeal was untimely filed. (*See id.* at *6–7.) On the other hand, Debtor-Appellant contends that 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54 govern, and she can only appeal after the Bankruptcy Court issues its final judgment with respect to all parties. (*See* Appellant's Opp'n *3–5.) The Court agrees with Appellee Citibank.

In *Bullard v. Blue Hills Bank*, the Supreme Court differentiated appeals in bankruptcy litigation from appeals in ordinary civil litigation. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1691–92 (2015). According to the *Bullard* Court, in ordinary civil litigation, 28 U.S.C. § 1291 governs, and only a final decision is appealable because permitting piecemeal, prejudgment appeals would undermine efficient judicial administration, and encroach upon the prerogatives of district court judges. *Id.* The rules, however, are different in a bankruptcy case. *Id.* at 1692. Because "[a] bankruptcy case involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor[.] . . . Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of

2

discrete disputes within the larger case." *Id.* (internal quotation marks and citations omitted). Citing 28 U.S.C. § 158(a), the *Bullard* Court noted that the current bankruptcy appeals statute reflects the above mentioned approach and authorizes appeals "not only from final judgments in cases but [also] from final judgments, orders, and decrees . . . in cases and proceedings." *Id.* at 1689 (internal quotation mark omitted) (quoting 28 U.S.C. § 158(a)).

In *Ritzen Group, Inc. v. Jackson Masonry, LLC*, the Supreme Court reiterated the difference between a "final decision" in an ordinary civil litigation and a "final decision" in a bankruptcy litigation for the purpose of appeal. *See Ritzen Grp, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). The *Ritzen* Court reaffirmed its *Bullard* holding. *See id.* According to the *Ritzen* Court, in general civil litigation, 28 U.S.C. § 1291 governs the meaning of a final decision, which is "normally limited to an order that resolves the entire case." *Id.* This ordinary understanding of "final decision[,]" however, is not attuned to the distinctive character of bankruptcy litigation, which encompasses numerous individual controversies that would exist as stand-alone lawsuits but for the bankrupt status of the debtor. *Id.* It is, therefore, common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending, and 28 U.S.C. § 158(a) is the provision that governs appeals to U.S. district courts from decisions of bankruptcy courts. *Id.* at 586–87.

Once again, in the present case, there is no dispute that the Bankruptcy Court's final judgment with respect to Citibank was entered on May 7, 2020 and served on May 11, 2020. (Notice of J. or Order, ECF No. 2-4; *see also* Mot. to Dismiss *4.) Accordingly, pursuant to 28 U.S.C. § 158, which incorporates Federal Rule of Bankruptcy Procedure 8002's fourteen-day period for filing a notice of appeal after entry of the judgment, order, or decree, the Debtor-Appellant's October 29, 2020 notice of appeal was untimely filed.

Accordingly,

IT IS on this 2nd day of June 2021, **ORDERED** that:

1. Citibank's Motion to Dismiss Debtor Courtney Devon Robinson Medley's appeal from the Bankruptcy Court's Order denying her motion for the entry of an order for compensation is **GRANTED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE